Submitted June 29, 2020; conviction on Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed March 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ASHLEY ANNETTE BOGGS,
*Defendant-Appellant.*

Gilliam County Circuit Court
17CR69412; A169278

483 P3d 686

Janet L. Stauffer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was found guilty by jury verdict on two counts of first-degree theft. A jury poll indicated that the verdict was unanimous for Count 1 but not Count 2. On appeal, defendant raises the following six assignments of error: defendant claims that the trial court erred by (1) and (2) refusing to provide jury instructions concerning *mens rea* regarding the value of the property stolen; (3) providing jury instructions allowing nonunanimous verdicts; (4) entering a judgment of conviction based on the unanimous verdict for Count 1; (5) entering a judgment of conviction based on the nonunanimous verdict for Count 2; and (6) imposing a $500 felony fine on Count 1 without determining whether defendant was able to pay it.

Regarding defendant's first two assignments of error, we reject those arguments without further discussion for the reasons set forth in *State v. Stowell,* 304 Or App 1, 466 P3d 1009 (2020).

Defendant's arguments in her third and fourth assignments are foreclosed by *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020). That is, after the United States Supreme Court ruled, in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that nonunanimous jury verdicts for serious crimes violate the Sixth Amendment, the Oregon Supreme Court explained in *Flores Ramos* that nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. 367 Or at 319. When, as here, the jury's verdict was unanimous despite the nonunanimous instruction, such erroneous instruction was "harmless beyond a reasonable doubt" with respect to the unanimous verdicts. *Id.* at 329.

As to her fifth assignment of error, however, defendant is correct. It was erroneous—as the state concedes—to enter a judgment of conviction based on the nonunanimous verdict for Count 2. We accept that concession and therefore reverse and remand the conviction on Count 2.

Because we are remanding for resentencing, we do not reach defendant's sixth assignment of error.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.