Submitted on remand from the Oregon Supreme Court December 29, 2022;
conviction on Count 2 reversed and remanded, remanded for resentencing,
otherwise affirmed February 1, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ASHLEY ANNETTE BOGGS,
*Defendant-Appellant.*

Gilliam County Circuit Court
17CR69412; A169278

524 P3d 567

On remand from the Supreme Court in light of *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022), in which the court held that a culpable mental state other than knowledge attaches to the property-value element of theft in the first degree, the Court of Appeals reconsidered its opinion in *State v. Boggs*, 310 Or App 164, 483 P3d 686 (2021). *Held*: The Court of Appeals adhered to its original disposition, affirming defendant's conviction on Count 1 of theft in the first degree and reversing the conviction on Count 2 of theft in the first degree, which had been decided by a nonunanimous verdict. In its reconsideration of Count 1, the Court of Appeals applied the analysis required by *Shedrick*, concluding that the value of the stolen property was an element of the offense for which the state was required to prove a *mens rea*. And, as in *Shedrick*, assuming a culpable mental state of criminal negligence, the court held that the state was required to prove that defendant acted with criminal negligence with respect to her awareness that the value of the stolen property was at least $1,000. The court thus concluded that the trial court thus erred in failing to give an instruction on a required mental state. But the court further concluded that the error was harmless, because, based on the evidence at trial, the jury was required to find that defendant was at least negligent with respect to the value of the property—*i.e.*, that there was a substantial and unjustifiable risk that the value of the stolen property was at least $1,000, and that the defendant's failure to be aware of the risk was a gross deviation from the standard of care that a reasonable person would observe in that situation.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

On remand from the Oregon Supreme Court, *State v. Boggs*, 370 Or 471, 520 P3d 882 (2022).

Janet L. Stauffer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

This case is on remand from the Supreme Court for reconsideration of our original opinion, *State v. Boggs*, 310 Or App 164, 483 P3d 686 (2021), in light of *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022), in which the court held that a culpable mental state other than knowledge attaches to the property-value element of theft in the first degree. On remand, we adhere to our original disposition.

In this case, defendant was found guilty by jury verdict of two counts of theft in the first degree. *Boggs*, 310 Or App at 165. A jury poll indicated that the verdict was unanimous on Count 1 but not unanimous on Count 2. On appeal, defendant claimed in his first and second assignments of error that the trial court erred in rejecting a requested jury instruction relating to *mens rea* as to the value of the property stolen. *Id.* We rejected those assignments, citing our opinion in *State v. Stowell*, 304 Or App 1, 466 P3d 1009 (2020), in which we held that no culpable mental state applies to the property-value element of first-degree theft.[1] But we reversed the conviction on Count 2, which was based on a nonunanimous verdict, and remanded the case for resentencing, and therefore did not reach defendant's sixth assignment of error, which challenged the imposition of a fine on Count 1. *Id.*

Defendant filed a petition for review with the Supreme Court, and the court has remanded the case to us for reconsideration of defendant's first and second assignments of error in light of *Shedrick*. The defendant in *Shedrick* had been charged with theft in the first degree for taking a bundle of cash off the top of an ATM machine. He requested a jury instruction that the culpable mental state for the value of the property taken was criminal negligence. The court in *Shedrick* overruled our conclusion in *Stowell* that no

---

[1] In *Stowell*, relying on *State v. Jones*, 223 Or App 611, 196 P3d 97 (2008), *rev den*, 345 Or 618 (2009), we rejected the defendant's argument that, because ORS 164.055 and ORS 164.015 do not "explicitly provide for a culpable mental state *with regard to the value of the property that is the subject of a theft*," the state is required to prove at least criminal negligence with respect to that element. *Stowell*, 304 Or App at 11 (emphasis in original). We thus held in *Stowell* that the trial court had not erred in refusing to give the defendant's proposed "negligently unaware" jury instruction for first-degree theft. 304 Or App at 12.

culpable mental state applies to the property-value element of first-degree theft. 370 Or at 269. The court held that, in a prosecution for first-degree theft, the stolen property's value is a material element of the offense that the state must prove and that requires a culpable mental state. *Id.*

However, the court did not decide in *Shedrick* what the required mental state would be for the property-value element of the offense. The state had agreed with the defendant in *Shedrick* that, if a culpable mental state was required for the property-value element, as a "circumstance" element, the required mental state would be criminal negligence. In light of the parties' arguments, the court assumed, without deciding, that the applicable culpable mental state for the property-value element is criminal negligence. *Id.* at 270.

The court then determined that the trial court's error in failing to give the requested jury instruction was harmless, concluding that there was little likelihood that the error affected the verdict. *See State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022) (Notwithstanding error, the court will affirm a judgment of conviction if it determines that "there was little likelihood that the error affected the verdict."). In determining harmlessness based on the assumed culpable mental state of criminal negligence, the court considered the specific evidence at trial, the nature of criminal negligence, and "common knowledge" that jurors can be expected to have. *Shedrick*, 370 Or at 271. The court noted the statutory definition of "criminal negligence." A person is criminally negligent if the person "fails to be aware of a substantial and unjustifiable risk that *** the circumstance exists." ORS 161.085(10). "The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." *Id.*

The court in *Shedrick* said that, in order to prove that the error in failing to give the instruction was harmless, the state was required to prove (1) that there was a substantial and unjustifiable risk that the money left on the top of the ATM was at least $1,000; and (2) that the defendant's "failure to be aware of [the risk that there was

more than $1,000] was a gross deviation from the standard of care that a reasonable person would observe in that situation." 370 Or at 271. The court concluded that the evidence at trial required the conclusion that there was a substantial and unjustifiable risk that the value of the amount taken exceeded $1,000, reasoning that "[j]urors with common knowledge about ATMs, including the kinds of denominations of bills typically in an ATM, and about the interests of a bar owner in maintaining the cash levels in the ATM for customers to use it, would have understood that the circumstances indicated a substantial risk that a large amount of money, at least $1,000, was in the stack." *Id.* The court further concluded that, assuming the jury would have found that the defendant was nonetheless unaware of that risk, the evidence at trial would have required the jury to find that, considering the nature of the risk, the defendant's failure to be aware of it was a gross deviation from the standard of care that a reasonable person would observe in that situation. *Id.* The court ultimately concluded that there was little likelihood that the jury would not have found that the defendant was at least criminally negligent with respect to his awareness that "a sizeable bundle of cash" for refilling an ATM "was worth a significant amount." *Id*. Thus, despite the trial court's error in failing to give the requested instruction, the Supreme Court upheld our affirmance of the defendant's conviction.

After *Shedrick*, the Supreme Court allowed review in this case and has remanded the case to us to reconsider defendant's first and second assignments of error, relating to the trial court's failure to give the requested jury instruction on the *mens rea* as to the value of stolen property. Here, defendant was charged by indictment with two counts of first-degree theft, arising out of a theft of household fixtures, a boat, and other items from a house in which defendant had been living. ORS 164.055(1)(a) provides that a "person commits the crime of theft in the first degree if, by means other than extortion, the person commits theft as defined in ORS 164.015 and *** [t]he total value of the property in a single or aggregate transaction is $1,000 or more." The stolen items consisted of eight gallons of paint valued at $20.50 per gallon, a refrigerator valued at $1,167.30, a stove valued

at $449.10, a hand-made cabinet valued between $469 and $796, a high-capacity dual-flush elongated toilet valued at $216, a sink faucet valued at $100, a 12-foot aluminum fishing boat valued at approximately $1,000, and a motor, seats, life jackets, and a fishing net.

As in *Shedrick*, the trial court declined to give a jury instruction requested by defendant as to a mental state of negligence with respect to the value of the stolen property.[2] As in *Shedrick*, we conclude that the value of the stolen property was an element of the offense for which the state was required to prove a *mens rea*. And, as in *Shedrick*, assuming a culpable mental state of criminal negligence, the state was required to prove that defendant acted with criminal negligence with respect to her awareness that the value of the stolen property was at least $1,000. The trial court thus erred in failing to give an instruction on a required mental state.

As the Supreme Court noted in *Shedrick*, the *mens rea* of criminal negligence includes two components: (1) A failure of the person "to be aware of a substantial and unjustifiable risk that *** the circumstance exists," ORS 161.085(10); and (2) a risk "of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." *Id*. Here, as in *Shedrick*, we conclude that any error by the trial court in failing to instruct the jury on criminal negligence was harmless, because there is little likelihood that the error affected the verdict. Jurors with common knowledge about the values of the various stolen items, including the appliances and boat, would have understood that the circumstances indicated a substantial risk that the value of the stolen property was at least $1,000.

---

[2] The requested instruction stated:

"For theft in the first degree, in order to find the defendant guilty, you must find she was negligently unaware that the value of the property [taken] was valued at $1000 or more.

"To find that she was negligently unaware that the value of the property [taken] was more than $1000, you must find she failed to be aware of a substantial and unjustifiable risk that the property was valued at $1000 or more. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

Assuming, as the court did in *Shedrick*, that the jury would have found that defendant nevertheless was unaware of that risk, the jury would then have had to consider the nature of the risk and whether defendant's failure to be aware of it was a gross deviation from the standard of care that a reasonable person would observe in that situation. 370 Or at 271. The evidence at trial would have required the jury to find that defendant's failure to be aware of the risk was a gross deviation: The evidence was that the refrigerator and the oven were in relatively new condition and that the toilet was a higher model. At the time of the theft, defendant had lived in the house from which the property was stolen for ten days, and defendant was thus familiar with the stolen property and its condition. In view of that evidence, defendant's failure to be aware of the substantial and unjustifiable risk that the stolen property was worth at least $1,000 was a gross deviation from the standard of care that reasonable people would exercise. Thus, as in *Shedrick*, it is unlikely that the jury would not have concluded that defendant was criminally negligent. For those reasons, we conclude that the trial court's error in failing to give defendant's requested jury instructions requiring the state to prove that she was criminally negligent with respect to the value of the stolen property had little likelihood of affecting the verdict and therefore was harmless. We therefore adhere to our original disposition affirming defendant's conviction on Count 1.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.