No. 599          November 15, 2023          197

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEITH EUGENE HOSKINS,
*Defendant-Appellant.*

Tillamook County Circuit Court
21CR13913; A178644

Mari Garric Trevino, Judge.

Submitted August 30, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Defendant was convicted of first-degree theft by receiving, ORS 164.015 (theft); ORS 164.095 (theft by receiving), based on his possession of stolen personal property in a stolen trailer in which he was living. The theft charge is based on defendant's possession of the stolen personal property inside the trailer, not the trailer itself, and required that the state prove that the stolen property had a value of at least $1,000. ORS 164.055(1)(a) (Theft by receiving constitutes first-degree theft when "[t]he total value of the property in a single or aggregate transaction is $1,000 or more."). Defendant asks for plain error review of the trial court's failure to give an instruction as to a culpable mental state of at least criminal negligence as to the value of the stolen property.

The state concedes error under *State v. Shedrick*, 370 Or 255, 269, 518 P3d 559 (2022), which was decided after the trial in this case. But the state asserts that, as in *Shedrick*, the error was harmless, because there is little likelihood that the error affected the jury's verdict. Thus, the questions to be addressed on appeal are whether the trial court's plain error was harmless and, if not, whether we will exercise our discretion to correct it.

The inquiry under Oregon's harmless error standard is whether there is little likelihood that the trial court's error affected the verdict.[1] *State v. Dye*, 329 Or App 1, ___ P3d ___ (2023); *State v. Horton*, 327 Or App 256, 263-64, 535 P3d 338 (2023) (applying Oregon harmless error standard to unpreserved plain error in failing to give mental state instruction on element of offense). *See State v. Davis*,

---

[1] In *State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023), we explained that when a claim of error relates to the omission of a mental state instruction on an element of the offense, it implicates a federal constitutional violation. Thus, when the claimed error is preserved, in order to affirm, we must be able to conclude that the error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U S 18, 87 S Ct 824, 17 L Ed 2d 705 (1967) (A preserved claim of constitutional error identified on direct appeal does not require reversal of a conviction if the prosecution can establish that the error was harmless beyond a reasonable doubt.). Because the error here is not preserved, we default to Oregon's harmless error analysis. *See State v. Horton*, 327 Or App 256, 263-64, 535 P3d 338 (2023) (applying Oregon harmless error standard to unpreserved plain error in failing to give mental state instruction on element of offense).

336 Or 19, 32, 77 P3d 1111 (2003) (holding that under ORS 19.415(2), the analysis for determining whether an appellate court must affirm a judgment despite trial court error is whether there is "little likelihood' that [a particular error] * * * 'affected the verdict'" (citing *State v. Parker*, 317 Or 225, 234 n 10, 855 P2d 636 (1993)). Under *Shedrick*, to conclude that the trial court's error—its failure to give an instruction as to a culpable mental state on the value of the property—was harmless, we must conclude that there was little likelihood that the jury would not have found beyond a reasonable doubt that defendant acted with at least criminal negligence as to the value of the stolen property.

To find criminal negligence, the jury would need to find that defendant failed to be aware (1) that there was a substantial and unjustifiable risk that the value of the property was $1,000 or more; and (2) that the risk that the value of the property was $1,000 or more was of such nature and degree that the failure to be aware of that risk constituted a gross deviation from the standard of care that a reasonable person would observe in the situation. *State v. Boggs*, 324 Or App 1, 7, 524 P3d 567 (2023); ORS 161.085(10).

Here, the stolen personal property found in defendant's possession consisted of a Nikon camera with several lenses, clothing, costume jewelry, a refrigerator, a generator, and other miscellaneous household items. The victim testified that the value of the recovered property was "easily" a few thousand dollars. Thus, there is evidence in the record that the value of the property was at least $1,000.

But there is other evidence in the record concerning the condition of the property from which the jury might debate whether the value of the property was at least $1,000 and, for that reason we are unable to conclude that there was little likelihood that the jury would have found, beyond a reasonable doubt, that defendant acted with criminal negligence—*i.e.*, that he failed to be aware there was a substantial and unjustifiable risk that the property would be worth more than $1,000, *and* that defendant's failure to be aware of that risk amounted to a gross deviation from the standard of care that a reasonable person would exercise. Thus, we cannot say that the failure to properly instruct the jury

had little likelihood of affecting the verdict. *Davis*, 336 Or at 32.

The remaining question is whether we should exercise our discretion to correct the error, which we analyze under the factors identified in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) ("[I] n deciding whether to exercise its discretion to consider an error of law apparent on the face of the record, among the factors that a court may consider are: the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."); *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013) (citing *Ailes*, 312 Or at 382).

For the reasons explained here, we exercise our discretion. The error is grave: The likelihood that the jury would have found that defendant was not criminally negligent as to the value of the property could make the difference between a conviction of the offense of first-degree theft by receiving—a class C felony, ORS 164.055(3)—and a conviction of second degree theft, a class A misdemeanor. ORS 164.045 (second-degree theft requires property damage between $100 and $1,000). Additionally, unlike in *Horton*, in which we did not exercise our discretion, we cannot say that the likelihood that the error affected the verdict was "extremely small." 327 Or at 266. Nor, unlike in *Horton*, can we tell on this record whether the evidence was sufficient to support a finding that defendant was criminally negligent. *Id.* Finally, the ends of justice weigh in favor of defendant having the trier of fact decide each element of the offense with which he was charged. We therefore reverse and remand defendant's conviction of first-degree theft.

Reversed and remanded.