Argued and submitted June 15, 2020; Counts 2 and 3 reversed and remanded, remanded for resentencing, otherwise affirmed September 9, 2021; petition for review denied February 3, 2022 (369 Or 211)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK DWAIN QUANDT,
*Defendant-Appellant.*

Washington County Circuit Court
17CR78026; A169238

498 P3d 334

Ricardo J. Menchaca, Judge.

Ryan Scott argued the cause and filed the briefs for appellant.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Counts 2 and 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

In this criminal appeal, a jury found defendant guilty of eight counts of first-degree sexual abuse. At sentencing, the court concluded that the verdicts on certain counts merged, and it entered a judgment convicting defendant of five counts. Defendant raises 12 assignments of error.

In defendant's first through seventh assignments of error, he contends that the trial court erred in admitting as evidence certain statements by the investigating officer that were recorded while interviewing defendant. Defendant contends that the officer's statements constituted impermissible vouching and were unduly prejudicial under OEC 403. The trial court excluded some of the officer's statements on the ground that the statements constituted impermissible vouching but admitted other statements after concluding that they were admissible under *State v. Chandler*, 360 Or 323, 380 P3d 932 (2016) ("[A] court does not err in admitting an out-of-court statement as to the credibility of a witness or nonwitness complainant if the statement is offered for a relevant, non-opinion purpose.") and conducting OEC 403 balancing. Having reviewed the record, the briefing, and the relevant legal authorities, we agree with the state that the trial court did not err in admitting the statements defendant challenges.

In defendant's eighth assignment of error, he contends that the court erred in excluding statements that defendant made to the investigating officer that defendant was willing to take a polygraph test. Defendant maintains that the trial court was required to admit the statements under the so-called "rule of completeness," OEC 106, which provides that, when part of a conversation is given in evidence by one party, the whole on the same subject, where otherwise admissible, may at the same time be inquired into, when it is necessary to make the admitted portion understandable. We conclude that defendant's proffered evidence was not necessary to make "understood," or to put into context, the state's proffered evidence, and, further, defendant has not demonstrated that his statements were "otherwise admissible." *See State v. Smith*, 300 Or App 485, 492, 455

P3d 520 (2019), *rev'd on other grounds*, 366 Or 551, 466 P3d 61 (2020) (OEC 106 not an independent basis of admissibility). Hence, the trial court did not err in excluding evidence of defendant's statements involving his willingness to take a polygraph test.

In defendant's ninth and tenth assignments of error, he contends that the court failed to make a sufficient record of its OEC 403 balancing and that the record is insufficient to allow meaningful appellate review. Defendant does not dispute that the court, in fact, engaged in balancing— only that it failed to demonstrate that it did so. The state responds that the court provided in writing its ruling and legal reasoning for each statement defendant had moved to strike. Further, that in response to defendant's request for a sufficient record, the court explained that, for each statement, it had weighed the considerations discussed in *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987), before ruling. The state contends that the court demonstrated that it properly weighed the evidence when it struck, under OEC 403, 62 of the 167 statements defendant had asked to exclude. *See State v. Anderson*, 363 Or 392, 406, 423 P3d 43 (2018) ("[A] court will make a sufficient record under *Mayfield* if the trial court's ruling, considered in light of the parties' arguments, demonstrates that the court balanced the appropriate considerations."). For the reasons outlined by the state, we agree that the trial court provided a sufficient record that it balanced the considerations in OEC 403. We thus reject defendant's ninth and tenth assignments of error.

In defendant's eleventh assignment, he contends that the court erred when it instructed the jury that it could return nonunanimous verdicts and when it accepted nonunanimous verdicts on Counts 2 and 3. Defendant is correct. The Sixth Amendment right to jury trial, as incorporated against the states by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1397, 206 L Ed 2d 583 (2020). Accordingly, we reverse and remand defendant's conviction on Count 2. The guilty verdict for Count 3, which the trial court merged into Count 2 and therefore disposed of without a conviction, must also be reversed and remanded.

In defendant's final assignment of error, he contends that the trial court erred in failing to merge the guilty verdicts on Counts 5 and 7. He contends that the record was insufficient as a matter of law to allow the trial court to determine that Count 5 arose from a different criminal episode as Count 7. Evidence in the record supported the trial court's determination that defendant committed the offenses during separate criminal episodes, thus the trial court did not err in declining to merge Counts 5 and 7.

Counts 2 and 3 reversed and remanded; remanded for resentencing; otherwise affirmed.