Submitted September 2; Count 5 reversed and remanded, remanded for resentencing, otherwise affirmed September 22, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN WAYNE PERKINS,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR05893; A172739

495 P3d 1289

Jerry B. Hodson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Count 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

A jury found defendant guilty of aggravated identity theft, ORS 165.803 (Count 1), aggravated first-degree theft, ORS 164.057 (Count 2), computer crime, ORS 164.277 (Count 3), unlawful use of a vehicle (Count 4), and possession of a stolen vehicle, ORS 819.300 (Count 5). The jury was unanimous as to all counts except for Count 5. The guilty verdict on that count, however, merged with the verdict on Count 4, so the court did not enter a separate conviction on Count 5. On appeal, defendant argues that the trial court erred in failing to instruct the jury that the first-degree theft charge required it find that he acted with a culpable mental state with respect to the value of the property stolen. We reject that argument for the reasons set forth in *State v. Stowell*, 304 Or App 1, 11-12, 466 P3d 1009 (2020). He next argues that the court erred in instructing the jury that it could return nonunanimous verdicts, which was erroneous under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). The state concedes as much, and we conclude that defendant is entitled to reversal of the nonunanimous guilty verdict for Count 5. *See, e.g.*, *State v. Quandt*, 314 Or App 453, 455, 498 P3d 334 (2021) (reversing nonunanimous verdict on count that had merged with unanimous verdict on different count). Defendant also argues that the erroneous instruction entitles him to reversal of all of his convictions because it constituted structural error. We reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020).

Count 5 reversed and remanded; remanded for resentencing; otherwise affirmed.