504　March 13, 2024　No. 174

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GEORGIA ANN BRAGLIN,
*Defendant-Appellant.*

Coos County Circuit Court
21CR62054; A179281

Brett A. Pruess, Judge.

Submitted February 7, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reversed and remanded.

## AOYAGI, P. J.

A jury convicted defendant of first-degree theft, ORS 164.055, for stealing jewelry from her roommate. Defendant assigns error to the trial court's failure to instruct the jury that a culpable mental state applies to the property-value element of first-degree theft. At trial, defendant requested special instructions defining criminal negligence and requiring the state to prove that defendant "was criminally negligent as to the value of the property being $1,000 or more." The court declined to give those instructions. That ruling was consistent with case law at the time, but the Supreme Court subsequently held that the property-value element of theft requires a culpable mental state. *State v. Shedrick*, 370 Or 255, 269-70, 518 P3d 559 (2022). For the reasons described below, we reverse and remand for a new trial.

Defendant makes two arguments in the alternative on appeal. First, she argues that the requisite mental state for the property-value element of first-degree theft is *intentional* and that the trial court plainly erred by failing to instruct the jury that the state had to prove that she intended to steal $1,000 or more of jewelry.[1] We reject that argument. The claimed error is not "plain," because it is not obvious and is reasonably in dispute which culpable mental state applies to the property-value element of first-degree theft. *See Shedrick*, 370 Or at 270 n 2 (holding that the property-value element of theft carries a mental-state requirement, such that it was error not to give any mental-state instruction, but leaving open the question of the specific mental state required); *State v. Horton*, 327 Or App 256, 261-62, 535 P3d 338 (2023) (rejecting a plain-error argument regarding the specific mental state required for the property-value element of criminal mischief in the first or second degree). Moreover, defendant specifically requested a

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

criminal-negligence instruction, so she invited any error in not giving an "intentional" mental-state instruction.

Defendant's second argument is that the trial court erred by failing to give the criminal-negligence instructions that she requested. Had the jury been instructed as requested, it would have understood that, to find defendant guilty, it had to find that she "fail[ed] to be aware of a substantial and unjustifiable risk" that the stolen jewelry was worth $1,000 or more, with the risk being "of such nature and degree that the failure to be aware of it constitute[d] a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10).

The state concedes that the trial court erred in not instructing the jury on criminal negligence but argues that the error was harmless. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (an error is harmless, and thus not a basis for reversal, where there is "little likelihood that the error affected the jury's verdict"); *State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023) (a federal constitutional error is harmless, and thus not a basis for reversal, if the state proves beyond a reasonable doubt that the error did not contribute to the verdict).[2]

We are unpersuaded that the error was harmless. The jewelry box that defendant stole contained a mix of "real" and "costume" jewelry. Defendant told a police officer that she took the jewelry "out of spite," after an argument with the victim, and it is unclear how familiar she was with its contents when she took it. The victim estimated the total value of the stolen jewelry at $3,000, but, given the totality of the circumstances, it is possible that the jury would not have been persuaded that defendant was criminally negligent with respect to the value of the jewelry being $1,000 or more. A jury could find that element proved on this record, but it could also find it not proved. This case is similar to *Perkins*, 325 Or App at 632, which involved a stolen U-Haul van, and *State v. Baker*, 325 Or App 367, 370-71, 528 P3d

_____

[2] It is unclear whether defendant is claiming an error of state law, subject to state-law harmlessness analysis, or a federal constitutional error, subject to federal-law harmlessness analysis. We reach the same conclusion under either standard.

812 (2023), which involved stolen plants and potting soil. There are enough variables in play as to the value of the jewelry that we cannot say that the instructional error was harmless.

Accordingly, we reverse defendant's conviction for first-degree theft and remand for a new trial.

Reversed and remanded.