No. 254 April 17, 2024 143

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MELISSA JANE DAHLGREN,
aka Melissa Dahlgren,
*Defendant-Appellant.*

Washington County Circuit Court
21CR52753; A178786

Theodore E. Sims, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

A jury convicted defendant of second-degree theft, ORS 164.045, for stealing a computer monitor from a Best Buy store. Defendant assigns error to the trial court's failure to instruct the jury that the property-value element of theft requires a mental state of at least criminal negligence.[1] At trial, defendant did not request a mental state jury instruction. Therefore, defendant requests that we review for plain error. ORAP 5.45(1). Defendant also argues that the error was not harmless. For the reasons explained below, we affirm.

The state concedes that the trial court committed plain error. We agree with and accept the state's concession. In *State v. Shedrick*, 370 Or 255, 269-70, 518 P3d 559 (2022), the Supreme Court held that the property-value element of theft requires a culpable mental state of at least criminal negligence. The error in failing to provide an instruction on that culpable mental state is one of law, it is "obvious and not reasonably in dispute," and it is apparent on the face of the record. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Thus, it is a plain error.

Relying on the federal-law harmless error standard, defendant argues that the error was not harmless beyond a reasonable doubt because the record does not contain enough information about the nature and value of the computer monitor. Alternatively, applying the state-law harmless error standard, defendant argues that the error was likely to have affected the outcome at trial. The state responds that we should first address whether defendant has shown a reasonable likelihood that the error affected the outcome before deciding whether to exercise our discretion to correct the unpreserved error.

Whichever standard applies, we conclude that the error was harmless.[2] Under state law, an error is harmless,

---

[1] Criminal negligence "means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists." ORS 161.085(10). The "substantial and unjustifiable" risk "must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." *Id.*

[2] We need not decide which standard of harmless error applies because we conclude that the result is the same under both standards.

and thus not a basis for reversal, where there is "little likelihood that the error affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). A federal constitutional error is harmless, and thus not a basis for reversal, if the state proves beyond a reasonable doubt that the error did not contribute to the verdict. *State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023).

Here, defendant took a new computer monitor from a Best Buy store without paying for it. An operations manager from the store could not remember the exact value of the monitor, but she testified that it was "over $400." She explained that the monitor was "a little bit expensive [be]cause it is meant for gaming computers." The jurors watched a video of defendant's companion taking a box containing the monitor from the "PC department" of the store and loading the box into a shopping cart. Defendant's companion then met up with defendant in the store, and defendant subsequently left the store without paying for the monitor.

Based on defendant's conduct, she was charged with and convicted of the misdemeanor offense of second-degree theft. The jury was instructed that the state had to prove beyond a reasonable doubt that the property had a value of $100 or more. Had the jury been instructed regarding criminal negligence, then it would have understood that, to find defendant guilty of second-degree theft, it had to find that defendant "fail[ed] to be aware of a substantial and unjustifiable risk" that the computer monitor was worth $100 or more, as well as that the risk was "of such nature and degree that the failure to be aware of it constitute[d] a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10).

We conclude that the failure to give that instruction was harmless. The instant case is not like *Perkins*, 325 Or App at 631-32, in which we concluded that a reasonable juror might not have been persuaded that the defendant was criminally negligent with respect to whether a U-Haul van was worth more than $10,000. To the contrary, the question here is whether a reasonable juror would have found that defendant was criminally negligent with respect to whether a new computer monitor in the personal computer

department of a Best Buy store was worth $100 or more. Based on the evidence presented to the jury, we have no doubt that a reasonable juror would have made that finding.

The instant case is also not like *State v. Baker*, 325 Or App 367, 370-71, 528 P3d 812 (2023), in which the jurors were not presented with any photographs of where an unspecified number of bags of potting soil and plants were displayed in a Fred Meyer store. Instead, here, jurors watched a video of defendant's companion in a Best Buy store loading the box containing the monitor into a shopping cart. Although the surveillance video did not capture any signs that showed the price, a store manager testified that the monitor cost over $400, and she explained that it was expensive because "it is meant for gaming computers." That evidence would have required the jurors to conclude that defendant was criminally negligent with respect to whether the computer monitor cost at least $100.

In *Shedrick*, 370 Or at 271, the Supreme Court determined that jurors can be expected to understand that there is a substantial risk that a stack of bills being loaded into an ATM is worth at least $1,000. Similarly, here, reasonable jurors can be expected to understand that there is a substantial risk that a new computer monitor in a Best Buy store is worth at least $100. Considering the circumstances of the case and the evidence considered by the jury, the error was harmless. In other words, if the jurors had been properly instructed, then we have no doubt that they would have found that defendant was criminally negligent with respect to the value of the computer monitor being $100 or more. "We cannot reverse a judgment based on a harmless error, so if the error was truly 'harmless,' then we have no discretion and must affirm." *State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023).

Affirmed.