No. 293          May 1, 2024          447

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRAIG ABE ALAN McCARTHY,
aka Craig McCarthy, aka Craig Abe Alen McCarthy,
aka Craig Abe Aln McCarthy,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR35674, 20CR49451, 20CR53577, 20CR61735;
A178739 (Control), A178740, A178741, A178742

Heather Karabeika, Judge.

Submitted on February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Convictions on Counts 8 and 10 in Case No. 20CR61735 reversed and remanded; remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

In consolidated cases, defendant appeals from four judgments of conviction (Case Nos. 20CR61735, 20CR49451, 20CR35674, and 20CR53577), and raises six assignments of error. For the reasons explained below, we reverse and remand the convictions on Counts 8 and 10 in Case No. 20CR61735 and remand for resentencing, but otherwise affirm.

*First through third assignments of error: Failure to instruct regarding a culpable mental state for theft.* Defendant challenges his convictions for theft on Counts 3, 8, and 10 in Case No. 20CR61735. Those convictions were based on allegations that he took property from several different cars and garages. Defendant argued to the trial court that the culpable mental state of "knowingly" or "with knowledge" attached to the value element of the theft offenses, but the trial court did not require the state to prove that defendant knew the value of the property.[1] On appeal, defendant argues that the trial court erred when it failed to instruct itself that the state was required to prove a culpable mental state regarding the value element of theft.

We first address defendant's first assignment of error, which involves his conviction for third-degree theft (Count 3).[2] A defendant commits the crime of third-degree theft if "[t]he total value of the property *** is less than $100." ORS 164.043(1)(b). "The statute delineating third-degree theft *** contains no threshold value requirement at all, only a ceiling—less than $100. Consequently, the minimum valuation needed to establish that a stolen item falls within third-degree theft *** require[s] only that the item possess some value[.]" *State v. Waterhouse*, 359 Or 351, 359, 373 P3d 131 (2016). All of defendant's arguments relate to first-degree theft (the charged offense); he does not address

---

[1] "'Culpable mental state' means intentionally, knowingly, recklessly, or with criminal negligence ***." ORS 161.085(6). "'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists." ORS 161.085(8).

[2] Although defendant was charged with first-degree theft, ORS 164.055, he was convicted of the lesser-included offense of third-degree theft, ORS 164.043.

third-degree theft (the lesser-included offense of conviction) at any point in his brief. Most importantly, he does not make any argument as to why the claimed instructional error is not harmless as to third-degree theft—which requires only that defendant act with some culpable mental state that the property has "some value"—when the items taken included a wallet with cash, debit, and credit cards inside, RC cars, RC car batteries, and a tent. "[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself." *Beall Transport Equipment Co. v. Southern Pacific,* 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003). Accordingly, we reject defendant's first assignment of error.

We next turn to defendant's second and third assignments of error, which challenge his convictions for first-degree theft (Count 8) and second-degree theft (Count 10). We start with defendant's argument that an intentional mental state applies to the value element of theft. Defendant concedes that the argument is unpreserved and asks for plain error review. Plain error review is a two-step process. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). We first determine whether an error is plain. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (explaining that a plain error is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences"). If the error is plain, we then determine whether to exercise our discretion to consider it. *Ailes*, 312 Or at 382.

In *State v. Shedrick*, 370 Or 255, 269, 518 P3d 559 (2022), the Supreme Court held that the property-value element of theft requires a culpable mental state. However, the court left open the specific mental state that is required. *Id.* at 270 n 2. Thus, the claimed error is not "plain" because it is not obvious and is reasonably in dispute which culpable mental state applies to the property-value element of theft. *Cf. State v. Horton*, 327 Or App 256, 261-62, 535 P3d 338 (2023) (similarly rejecting plain-error argument that recklessness is the required mental state for the value element

of criminal mischief in the first or second degree). For that reason, we reject defendant's plain-error argument regarding an intentional mental state.

We then turn to defendant's argument that the trial court was required to instruct itself that the value element of first-degree theft required a culpable mental state of at least criminal negligence. The state takes the position that we do not need to decide whether defendant's argument at trial—which focused on a "knowing" mental state—preserved his argument that some minimal mental state is required for the value element of theft "because the state concedes that the error is plain."

We do not accept the state's concession because we determine that defendant preserved his argument. In descending order, the four culpable mental states are: intentionally, knowingly, recklessly, and criminal negligence. ORS 161.085(6); *see also* ORS 161.115(3) (explaining that when the culpable mental state is criminal negligence, "it is also established if a person acts intentionally, knowingly or recklessly"). Because greater culpable mental states subsume or include lesser mental states, defendant's argument that the state must prove he *knew* the property's value was sufficient to preserve his appellate argument that a culpable mental state of at least criminal negligence applies to the value element of theft. *See State v. Owen*, 369 Or 288, 324, 505 P3d 953 (2022) (holding that because the jury found that the defendant acted with knowledge, the jury also "would have found that, at least, he was criminally negligent").

On the merits, we agree with defendant's argument that the trial court erred. *See Shedrick*, 370 Or at 270 (determining that the trial court erred when it failed to give an instruction that the property-value element of theft required a culpable mental state of at least criminal negligence).

Defendant argues that the error was not harmless under either the state or federal constitutions and the state concedes that the error was not harmless on Counts 8 and 10. We agree with and accept the state's concession on those counts.

Whether we apply a state or a federal standard of harmless error, we cannot be certain that the jury would have concluded that there was a substantial and unjustifiable risk that the property at issue in Count 8 was worth at least $1,000, that the property at issue on Count 10 was worth at least $100, and that defendant's failure to be aware of that risk amounted to a gross deviation from the standard of care that a reasonable person would exercise.[3] On Count 8, the victim estimated that the total value of the missing property—including two pairs of sunglasses, a pair of prescription glasses, a blanket, and coaxial cables—was about $1,700. On Count 10, the victim did not know the value of a missing camera because it was a gift, and she acknowledged that she did not lose any money that was loaded onto a missing debit card. As a consequence, the record lacked evidence "that would signal to a person in defendant's position" that the value of the items exceeded $1,000 on Count 8 or $100 on Count 10. *State v. Perkins*, 325 Or App 624, 631-32, 529 P3d 999 (2023) (U-Haul van); *see also State v. Baker*, 325 Or App 367, 370-71, 528 P3d 812 (2023) (potting soil and plants). Because we cannot say that the instructional error was harmless, we reverse the convictions on Counts 8 and 10 in Case No. 20CR61735.

*Fourth assignment of error: Failure to instruct regarding a culpable mental state for assault.* Defendant challenges his conviction for second-degree assault, ORS 163.175 (Count 1), in Case No. 20CR49451. In that case, defendant was driving an SUV that collided with a police officer's patrol vehicle. Defendant requested special jury instructions requiring the jury to find that defendant either "knew or believed his actions would result in physical injury," or that he "negligently caused physical injury." The trial court denied defendant's request and instructed the jury that the state was required to prove that defendant "knowingly caused physical injury to [the police officer] by means of a dangerous weapon." The court did not instruct the jury on a culpable mental state for the result or injury element of the crime.

---

[3] Defendant argues that the error was not harmless under either the state or federal standard of harmlessness.

After the verdict, but before sentencing, the Supreme Court decided *Owen*, 369 Or at 322, in which the court held that "the state, at a minimum, must prove that a defendant was criminally negligent with respect to the injury caused by the defendant's actions." Defendant moved for a new trial. Because the trial court had instructed the jury on recklessness with respect to defendant's reckless endangerment charge, it denied the motion, determining that "the result element was found by the jury."

As above, the state argues that we "need not resolve any dispute" regarding preservation "because the state concedes that the error is plain." And again, we do not accept the state's concession because defendant preserved the issue through his proposed jury instructions, motion for a new trial, and the arguments that he made after the Supreme Court's decision in *Owen*. Indeed, the trial court expressly noted that "this issue has been preserved."

On the merits, we conclude that the trial court erred when it failed to instruct the jury that the state, at a minimum, was required to prove that defendant was criminally negligent with respect to the result or injury element of second-degree assault. *Owen*, 369 Or at 322.

We then turn to the question of whether the error was harmless. Generally, to determine whether an instructional error was harmless in the context of the failure to instruct regarding a defendant's culpable mental state, we review the question of "whether there is some likelihood that the jury might *not* have been persuaded that he had the requisite mental state, had it considered that issue." *State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (emphasis in original). In doing that, "we consider the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *Owen*, 369 Or at 323-24 (internal quotation marks omitted). A federal constitutional error is harmless, and thus not a basis for reversal, if the state proves beyond a reasonable doubt that the error did not contribute to the verdict. *Perkins*, 325 Or App at 630-31.

Here, there was evidence that defendant crashed an SUV into the patrol vehicle, and that it "felt like a very violent impact." The officer's airbag deployed, he smelled melted plastic, and the engine shut off. The officer heard another "engine revving" and he realized "that [it] was the suspect vehicle backing up after hitting my patrol car." As a result of the crash, the officer suffered physical injuries, including a fractured thumb and wrist, as well as pain in those and other body parts. The officer testified that "[i]t was a really hard hit and I remember my head hurting, my left wrist, and left arm hurting and my left leg hurting a lot." At the hospital, defendant told detectives that he did not know why the SUV "ripped over into that last car."

During deliberations, the jury submitted several questions indicating that it was "split on assault 2 right now" and seeking "more direction on the definition of knowingly" and the definition of awareness of assaultive conduct. However, the jury ultimately returned a verdict of guilty on the charge of second-degree assault.

Whether we assess that error under the state or federal standard of harmlessness, we conclude that the jury would have found that defendant was criminally negligent with respect to the risk of causing physical injury to the police officer. We reach that conclusion for a number of reasons, including because the jury's verdict shows that it found that defendant "knowingly caused physical injury" to the victim "by means of a dangerous weapon." The jury was instructed that "a dangerous weapon" includes a device that "is readily capable of causing death or serious physical injury." Thus, the jury necessarily found that when defendant crashed the SUV into the patrol vehicle, the defendant used the SUV in a manner that was capable of causing injury.

The jury also found defendant guilty of the crime of recklessly endangering another person, ORS 163.195, which required it to find that defendant "recklessly engaged in conduct that created a substantial risk of serious physical injury" to the police officer "by driving and crashing into his patrol vehicle." The jury was instructed that,

"recklessly means a person is aware of and consciously disregards a substantial and unjustifiable risk that his

conduct creates a substantial risk of serious physical injury. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care a reasonable person would observe in [the] situation."

Given the evidence presented at trial, the parties' theories of the case, and those findings, we conclude that the jury would not have found that defendant was not at least criminally negligent with respect to the result or injury element of second-degree assault. *See Owen*, 369 Or at 324 ("Even if the court had given defendant's requested instruction about criminal negligence, in view of the jury's findings that defendant engaged in assaultive conduct * * * and knowingly used his boots and the ground as dangerous weapons, the jury would not have found that defendant was unaware that his actions would cause * * * physical injuries."). Accordingly, we reject defendant's fourth assignment of error.

*Fifth and sixth assignments of error: Whether unauthorized use of a vehicle includes a utility trailer.* Defendant argues that the trial court erred when it denied his motions for judgments of acquittal on the charges of unauthorized use of a vehicle in Case No. 20CR35674 (Count 5) and in Case No. 20CR53577 (Count 1). Those charges were based on allegations that defendant took a utility trailer without consent. Although defendant stipulated to evidence showing that he used the utility trailer, he argued that a trailer is not a "vehicle" under ORS 164.135(1)(a) and renews that argument on appeal. But, in *State v. Phillips*, 315 Or App 178, 182-87, 501 P3d 537 (2021), *rev den*, 369 Or 505 (2022), we engaged in an analysis of the text, context, and legislative history of ORS 164.135(1)(a) and determined that the term "vehicle" in that statute includes trailers. We therefore concluded that the trial court did not err in denying the defendant's motion for judgment of acquittal. *Phillips*, 315 Or App at 187.

Here, defendant requests that we overrule *Phillips*. "We start from the assumption that our prior cases were decided correctly, and the party urging us to abandon precedent must affirmatively persuade us to the contrary that a decision is plainly wrong." *State v. McKnight*, 293 Or App

274, 278-79, 426 P3d 669, *rev den*, 363 Or 817 (2018) (internal quotation marks omitted). Having considered defendant's arguments, we are not persuaded that *Phillips* was plainly wrong. We therefore reject defendant's fifth and sixth assignments of error.

Convictions on Counts 8 and 10 in Case No. 20CR61735 reversed and remanded; remanded for resentencing; otherwise affirmed.