552                 January 29, 2025                No. 54

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID EUGENE ARTHUR KITZMILLER,
*Defendant-Appellant.*

Coos County Circuit Court
22CR07964; A179045

Andrew E. Combs, Judge.

Submitted December 20, 2023.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

## POWERS, J.

Defendant appeals from a judgment of conviction for second-degree criminal mischief (Count 1) and criminal trespass while in possession of a firearm (Count 2) for trespassing onto the Bandon Gun Club's property and damaging a skeet shooting machine and the building that housed the machine, causing $1,700 in damage. In a single assignment of error, defendant challenges the criminal mischief conviction, arguing that the trial court plainly erred in failing to instruct the jury that the value element of criminal mischief requires a finding of a culpable mental state based on the Oregon Supreme Court's decision in *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022), which was decided after the trial in this case. The state concedes that the court plainly erred but contends that the error was harmless. We accept the state's concession, conclude that the error was not harmless, and exercise our discretion to correct the plain error. Given the evidence adduced at trial, we cannot conclude that there is little likelihood that the particular error—here, the failure to instruct the jury on the culpable mental state for the value of the property that was damaged—affected the verdict. Accordingly, we reverse and remand the criminal mischief conviction and otherwise affirm.

The pertinent facts are undisputed and relatively few. Defendant and his son, Hanks, trespassed onto Bandon Gun Club property and shot an AR-15 .223 rifle and 9mm pistol on the shotgun range, damaging a wooden shed and a skeet machine that was inside the shed. Both defendant and Hanks were charged with second-degree criminal mischief and criminal trespass while in possession of a firearm. A representative from the gun club, who was a retired building contractor, estimated that the total cost of repair was $1,700 ($1,500 for the building and $200 for replacement parts for the skeet shooting machine). At the close of trial, the trial court instructed the jury as to the elements of second-degree criminal mischief but did not instruct the jury that it had to find that defendant had a culpable mental state as to the value of the damage to the building and its

contents.[1] Defendant did not object to the jury instructions or request a mental state instruction. The jury returned guilty verdicts, and defendant and Hanks, who is not a party to this appeal, were ultimately convicted of criminal mischief in the second degree, ORS 164.354, and criminal trespass while in possession of a firearm, ORS 164.265. Defendant timely appeals.[2]

On appeal, defendant challenges the trial court's instructions on the criminal mischief charge and argues that the trial court plainly erred when it instructed the jury because it omitted a culpable mental state regarding the value of the property damaged.[3] *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (describing criteria for plain-error review). The state concedes that the trial court committed plain error in failing to instruct the jury. We agree with and accept the state's concession. *See Shedrick*, 370 Or at 269 (concluding that the value of the property taken is a material element of the offense of theft, and thus that the legislature intended a culpable mental state to apply to the value element); *see also State v. Morales*, 326 Or App 177, 181, 530 P3d 932, *rev den*, 371 Or 509 (2023) (applying the reasoning from *Shedrick* to a criminal mischief charge and concluding that "ORS 161.095(2) requires proof of a culpable

---

[1] ORS 164.354 provides, in part:

"(1) A person commits the crime of criminal mischief in the second degree if:

"* * * * *

"(b) Having no right to do so nor reasonable ground to believe that the person has such right, *** the person recklessly damages property of another in an amount exceeding $500."

[2] Hanks appealed his conviction separately, and that appeal is currently pending before this court in *State v. Hanks*, Case No. A179037.

[3] In his opening brief, defendant further contends that the text, context, and legislative history of the criminal mischief statute demonstrate that the value-of-damage element requires a mental state of recklessness, not merely criminal negligence. We decline to reach that issue as it is not preserved and, instead, we assume without deciding that the applicable mental state is criminal negligence. *See State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023) (explaining that, in similar circumstances, "it is not obvious, and is reasonably disputed, that recklessness had to be proved, so it cannot be said to be plain error to have failed to give a recklessness instruction"); *see also State v. Johnson*, 329 Or App 57, 63, 540 P3d 73 (2023) (explaining that the legal issue raised was one of first impression that required an in-depth statutory analysis, which exceeded the bounds of plain-error review).

mental state for the amount-of-damage element of first-degree criminal mischief").

However, the state remonstrates that we should not reverse based on the conceded error because the trial court's error was harmless. The state argues that "there was no basis for the jury to find that when defendant shot the building, he was not at least criminally negligent with respect to the value of the damage he did to that building and its contents." Under Article VII (Amended), section 3, of the Oregon Constitution, we must affirm a conviction despite a trial court's error when there is "little likelihood that the error affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Specifically, we have emphasized that our inquiry is not whether a jury could have found the defendant to have the requisite mental state; rather, it is "whether there is some likelihood that the jury might not have been persuaded that [the defendant] had the requisite mental state, had it considered that issue." *State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (emphasis omitted).

We conclude that the error is not harmless because there is some likelihood that the verdict would have been different had the jury been properly instructed. That is, the jury might not have been persuaded that defendant failed "to be aware of a substantial and unjustifiable risk" that the cost to repair the damage to the building and its contents would exceed $500 and, if so, that that risk "constitute[d] a gross deviation from the standard of care that a reasonable person would observe in the situation." *See* ORS 161.085(10) (defining criminal negligence). In his trial testimony, defendant described the building as being at least five feet tall and five feet wide, and it had "heavy plywood siding all the way around it." Defendant further explained that he "believed it was filled with either sand, hardened—hard packed sand or dirt, either one, hard packed. That's a common practice to stop a projectile, so that's what I assumed." Defendant testified that he walked around the building and noted that there were a number of clay traps that had not been exploded and that "the building also had bullet holes in it and shotgun pellet impressions in it," which bolstered his assumption that this was a "catch building * * * to stop

a projectile." Defendant further testified that the building was locked and that he could not see into the building. Based on that testimony, a properly instructed jury could have concluded that defendant reasonably believed that shooting toward the structure would result in damage less than $500.

Although defendant acknowledged on cross-examination that the fundamental rules of firearm safety include knowing "what you're shooting" and "what's behind what you're shooting," there is evidence that defendant examined the structure and searched the area surrounding it and believed that, because it was a plywood structure with bullet holes already in it, that it must have served as a catch building to prevent bullets from traveling further. Moreover, defendant testified that he could not see what was inside the structure and assumed that it was filled with dirt or sand and not valuable equipment. Finally, the cost of repairing a plywood structure is not common knowledge and the photo exhibits do not demonstrate that the wood is of such a quality that a reasonable juror would be aware that it would cost more than $500 to repair. *Compare State v. Baker*, 325 Or App 367, 370-71, 528 P3d 812 (2023) (concluding that the error was not harmless because the evidence did not show how many bags of potting soil and potted plants were stolen or whether the items had price tags and that the value of those stolen items was not common knowledge), *with Shedrick*, 370 Or at 271-72 (explaining that the error was harmless because "[j]urors with common knowledge about ATMs * * * and about the interests of a bar owner in maintaining the cash levels in the ATM for customers to use it, would have understood that the circumstances indicated a substantial risk that a large amount of money, at least $1,000, was in the stack").

In sum, although a jury could find that defendant acted with criminal negligence with respect to the value of the damaged property, the jury also might not have been persuaded that defendant was aware that there was a substantial and unjustifiable risk that shooting toward a plywood structure at a shooting range with bullet holes in it would result in more than $500 worth of damage and that

defendant's failure to be aware of that risk was a gross deviation from the standard of care that a reasonable person would observe in that situation. Thus, the court's plain error in failing to instruct the jury was not harmless.

Having concluded that the trial court plainly erred in failing to instruct the jury on the culpable mental state for the value of the damage, we must determine whether to exercise our discretion to correct the error. *See Vanornum*, 354 Or at 630 (explaining that "discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case"). Because of the gravity of the trial court's instructional error and the ends of justice, we exercise our discretion to correct the plain error. *See Baker*, 325 Or App at 371 (reversing a second-degree theft conviction after concluding that "we cannot be certain that the jury would have concluded that there was a substantial and unjustifiable risk that the property—which turned out to be worth about $165—would be worth more than $100"); *see also State v. Reynolds*, 250 Or App 516, 521-23, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (exercising discretion to correct plain error because entry of a criminal conviction without sufficient proof is a grave error of constitutional magnitude).

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.