862 February 12, 2025 No. 112

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VICTOR HANKS,
*Defendant-Appellant.*

Coos County Circuit Court
22CR07957; A179037

Andrew E. Combs, Judge.

Submitted December 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for one count of criminal mischief in the second degree (Count 1) and one count of criminal trespass while in possession of a firearm (Count 2). The charges arose after defendant and his father were alleged to have trespassed onto the Bandon Gun Club's property and shot at a building on the property. Defendant and his father were tried together and convicted but have pursued separate appeals. Defendant raises one assignment of error, arguing that the trial court plainly erred when it instructed the jury on second-degree criminal mischief and omitted a culpable mental state regarding whether defendant was aware of the risk that he might have caused property damage exceeding $500. In his separate appeal, defendant's father raised the same argument. We recently decided the father's separate appeal, concluding that the trial court plainly erred when it failed to instruct the jury on a culpable mental state as to the value of the property damaged. *State v. Kitzmiller*, 337 Or App 552, 553, ___ P3d ___ (2025).

For the identical reasons stated in *Kitzmiller* and based on the same trial record involved in that case, we also conclude here that the trial court plainly erred in failing to instruct the jury on the culpable mental state as to the value of the damaged property. *Id.* As in *Kitzmiller*, we also conclude that the error was not harmless. *Id.* at 555. Separately, and as expressed in *Kitzmiller*, we similarly exercise our discretion to correct that error for the same reasons. *Id.* at 557. Accordingly, we reverse and remand the second-degree criminal mischief conviction, remand for resentencing, and otherwise affirm.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.