Submitted March 8; conviction on Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed April 19, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUTUMN WIND ECHO BAKER,
*Defendant-Appellant.*

Coos County Circuit Court
20CR34667; A176662

528 P3d 812

Defendant appeals from a judgment of conviction for criminal trespass in the second degree (Count 1) and theft in the second degree (Count 2). As to the theft conviction, defendant assigns error to the trial court's omission of a culpable mental state instruction for the value of the property, and the state concedes the error but contends that the error was harmless. *Held*: The error was not harmless because the evidence indicated that defendant took an unspecified number of bags of potting soil and an unspecified number of potted plants, so there was more than a little likelihood that the jury would have concluded that defendant was not criminally negligent that the property—which turned out to be worth about $165—would be worth more than $100.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for criminal trespass in the second degree, ORS 164.245 (Count 1), and theft in the second degree, ORS 164.045 (Count 2), raising five assignments of error. We write to address the first three assignments of error, which relate to the requisite culpable mental state as to the value of the property for second-degree theft. Defendant also assigns as plain error arguments made by the prosecutor in closing rebuttal, but we conclude that any error is not plain. *See State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) ("[A] defendant asserting plain error must demonstrate that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial."). We reverse and remand as to the theft conviction, and otherwise affirm.

The material facts are not in dispute. An asset protection manager for Fred Meyer, Cain, witnessed defendant load bags of potting soil from a display outside the store into the trunk of a car and drive away with another women (codefendant). Defendant had been "trespassed" from that store a few days earlier. Cain called the police, and officers quickly located the car in a nearby parking lot, unoccupied. The officers observed potted plants in the back seat of the car. Defendant and codefendant approached the car shortly thereafter and agreed to return to Fred Meyer with the officers. Cain identified the potting soil in the trunk and the plants in the back seat as belonging to Fred Meyer and later determined that the total value of the property was about $165.

The trial court instructed the jury that in order to find defendant guilty of second-degree theft, it had to find that she took Fred Meyer's property with intent to deprive another of property or appropriate property to herself. The court further instructed that the jury must find that the property had a value of $100 or more, but did not include the requirement that the jury must find a culpable mental state as to that element. Subsequently, we and then the Supreme Court determined that the property-value element of theft

carries, at a minimum, the culpable mental state of criminal negligence. *State v. Shedrick*, 370 Or 255, 269, 518 P3d 559 (2022); *State v. Prophet*, 318 Or App 330, 342-43, 507 P3d 735, *rev den*, 370 Or 472 (2022). The parties dispute whether the claim of error was preserved in this case,[1] but we need not reach that issue because the state concedes, and we agree, that the lack of any culpable mental state in the value-of-stolen-property-instruction constitutes plain error. The state, however, contends that we should not exercise our discretion to correct the error because any error was harmless. As explained, we disagree that any error was harmless. Given the gravity of the error, we exercise our discretion to correct it.

"We will affirm the judgment below if we determine that there was little likelihood that the error affected the verdict." *State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022) (internal quotation marks omitted; citing *State v. Davis*, 336 Or 19, 33, 77 P3d 1111 (2003)). "To make that determination, we consider the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *Id.* (internal quotation marks omitted; citing *State v. Payne*, 366 Or 588, 609, 468 P3d 445 (2020)). Criminal negligence requires that a defendant "fail[ed] to be aware of a substantial and unjustifiable risk" such that the "failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10).

We are guided by the Supreme Court's harmless error analysis in *Shedrick*, which also involved jury instructions that erroneously omitted the culpable mental state of criminal negligence for the property-value element of theft. In that case, the defendant took $2,000 cash that was being used to refill an ATM in a bar and was convicted of first-degree theft, which requires that the stolen property be worth $1,000 or more. 370 Or at 257. In determining that the error was harmless, the court considered the evidence at trial, as well as "common knowledge" that jurors could

---

[1] Codefendant requested an instruction that would have required the jury to consider whether she was "criminally negligent as to the value of the property being $100 or more."

be expected to have about ATMs. *Id.* at 271. The court con-
cluded that there was little likelihood that the jury would
not have found that there was a substantial and unjusti-
fiable risk that "a sizeable bundle of cash" for refilling an
ATM was worth more than $1,000, nor that the defendant's
failure to be aware of that risk did not constitute a gross
deviation from the standard of care that reasonable people
would exercise. *Id.*

     The state argues that the evidence in this case like-
wise demonstrates a substantial and unjustifiable risk that
the potting soil and plants were worth more than $100. In
particular, the state points to "the tags on the stolen items,
their location on the sales floor, and the amount of merchan-
dise that defendant took." We examine each of those points
in turn. Beginning with the tags, Cain testified that each of
the items had a Fred Meyer label with a barcode that she
was able to scan in order to determine how much the item
was worth. Cain did not, however, testify that the price of
the item was also printed on the tag, nor was the jury pre-
sented with any photographs that would show that the price
was visible on each item.

     With respect to the items' locations, the state argues
that the jury likely "inferred that because defendant took
the merchandise from the sales floor, there were signs and
tags associated with the merchandise that informed her of
the price of the items as she was taking them." We disagree
with the proposition that shoppers at department stores can
always expect to easily find items' prices, and once again,
the jury was not presented with any photographs of where
the items were displayed in the store.

     Turning to the amount of merchandise, the jury
was neither told nor shown how many plants and bags of
potting soil were taken. The most that was adduced at trial
was that the back seat of the car was "pretty much full" of
plants, and that there was more than one bag of potting soil
in the trunk.

     All in all, the evidence indicated that defendant
took an unspecified number of bags of potting soil and an
unspecified number of potted plants. There was no evidence
presented that the price of the items was clearly visible on

either the items themselves or on their displays. Nor do we consider the approximate price of potting soil and plants to be common knowledge the way that the Supreme Court considered the value of a bundle of 100 $20 bills to be. *Shedrick*, 370 Or at 257. In the circumstances of this case, we cannot be certain that the jury would have concluded that there was a substantial and unjustifiable risk that the property—which turned out to be worth about $165—would be worth more than $100, and that defendant's failure to be aware of that risk amounted to a gross deviation from the standard of care that a reasonable person would exercise. Because the failure to give a criminal negligence instruction as to the value of the property may have affected the outcome of the case, we reverse and remand the second-degree theft conviction.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.