Submitted on remand February 15, conviction of first-degree theft reversed and remanded, remanded for resentencing, otherwise affirmed May 3, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN ALAN ACOSTA,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR37247; A172038

529 P3d 997

On remand from the Supreme Court in light of *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022), the Court of Appeals reconsidered its decision in *State v. Acosta*, 310 Or App 868, 484 P3d 1083 (2021), affirming without opinion defendant's conviction, after a trial to the court, of first-degree theft. *Held*: The trial court erred in failing to instruct itself on a mental state of criminal negligence as to the element of first-degree theft requiring that the stolen property have a value of $1,000 or more. ORS 164.055(1)(a). The court held that the error was not harmless, because the court could not be certain that the trial court, as the trier of fact, would have found beyond a reasonable doubt that there was a substantial and unjustifiable risk that the property would be worth more than $1,000, and that defendant's failure to be aware of that risk amounted to a gross deviation from the standard of care that a reasonable person would exercise.

Conviction of first-degree theft reversed and remanded; remanded for resentencing; otherwise affirmed.

On remand from the Oregon Supreme Court, *State v. Acosta*, 370 Or 471, 520 P3d 882 (2022).

Daniel J. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Conviction of first-degree theft reversed and remanded; remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

This case, in which we affirmed defendant's first-degree theft conviction without opinion, *State v. Acosta*, 310 Or App 868, 484 P3d 1083 (2021), is on remand for reconsideration in light of *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022). We reverse and remand defendant's conviction.

Defendant was convicted after a trial to the court of first-degree theft, based on an allegation that he stole property from a Walmart having a value of $1,000 or more. The evidence at trial was that the several stolen items had a purchase price of $1,043.01. Defendant requested a jury instruction that, to reach a guilty verdict, the jury was required to find that defendant was negligently unaware that the value of the stolen property was $1,000 or more. The court declined to give defendant's requested instruction, explaining that the element of criminal negligence did not apply to the value of the stolen property.

After the court declined to give the instruction, defendant waived a jury trial. The trial court found defendant guilty of first-degree theft without determining whether defendant was criminally negligent with regard to the property's value. Defendant assigned error to the trial court's failure to instruct itself as to a culpable mental state on the value of the stolen property. We affirmed defendant's conviction without opinion.

On remand, we conclude that defendant's conviction must be reversed.[1] As we recently held in *State v. Baker*, 325 Or App 367, 528 P3d 812 (2023), under *Shedrick*, the property-value element of theft carries, at a minimum, the culpable mental state of criminal negligence. *See Shedrick*, 370 Or at 269. The trial court was required to determine defendant's mental state for the value of the stolen property; thus, the trial court erred in declining to instruct itself as requested by defendant.

As in *Baker*, we cannot be certain that the court as the trier of fact would have found beyond a reasonable

---

[1] We note that defendant was also convicted after a guilty plea of fleeing or attempting to elude a police officer, ORS 811.540, and reckless driving, ORS 811.140. Those convictions are not at issue on appeal.

doubt that there was a substantial and unjustifiable risk that the property—for which the state produced receipts showing a price of $1,043.01—would be worth more than $1,000, and that defendant's failure to be aware of that risk amounted to a gross deviation from the standard of care that a reasonable person would exercise. *See also State v. Perkins*, 325 Or App 624, 529 P3d 999 (2023) (citing *Neder v. United States*, 527 US 1, 8, 119 S Ct 1827, 144 L Ed 2d 35 (1999) (a jury instruction that omits an element of an offense constitutes constitutional error), and *State v. Bray*, 342 Or 711, 724-26, 160 P3d 983 (2007) (applying *Neder* framework to determine whether failure to submit sentencing factor to jury, in accordance with the defendant's jury trial rights under the Sixth and Fourteenth Amendments, was harmless). Because the trial court's failure to instruct itself on criminal negligence as to the value of the property may have affected the outcome of the case, we reverse and remand the first-degree theft conviction.

Conviction of first-degree theft reversed and remanded; remanded for resentencing; otherwise affirmed.