***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted April 12, reversed and remanded May 10, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMIAH NOEL BEALEY,
aka Amiah N. Bealey,
*Defendant-Appellant.*

Coos County Circuit Court
20CR34679; A176699

Martin E. Stone, Judge.

Frances J. Gray filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Defendant appeals a judgment of conviction for theft in the second degree, ORS 164.045, raising two assignments of error, both relating to the trial court's failure to instruct the jury on a culpable mental state for the "value of the property" element of the theft charge.

The facts of this case are identical to those set forth in our recent case, *State v. Baker*, 325 Or App 367, 368, 528 P3d 812 (2023), which involved defendant's codefendant. Briefly, defendant and her codefendant, Baker, took bags of potting soil and various plants from Fred Meyer without paying for the items. An Asset Protection Manager for the store confirmed that the total value of the merchandise was $165. At trial, the court rejected defendant's request to instruct the jury that, in order to find defendant guilty, it had to find that defendant was at least criminally negligent as to the value of the property being $100 or more.[1]

Defendant now assigns error to the court's failure to give the requested instruction and asserts that the jury instructions did not correctly state the law.[2] In light of recent Supreme Court authority, including *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022) and *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), and our opinion in *State v. Prophet*, 318 Or App 330, 507 P3d 735 (2022), the state concedes that the trial court erred by not giving the requested instruction. We agree with and accept the concession. However, the state argues that the error was harmless.

For the reasons set forth in *Baker*, we conclude that this was not harmless error. *Baker*, 325 Or app at 369-71.

---

[1] Defendant's requested instructions included adding a fourth element to Theft in the Second Degree by Taking: "[defendant] was criminally negligent as to the value of the property being a hundred dollars or more." She also requested the court instruct the jury as follows regarding the definition of "criminally negligent":

"A person acts with criminal negligence if that person fails to be aware of a substantial and unjustifiable risk that a particular circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in a situation."

[2] Unlike in *Baker*, the parties do not dispute that the issue is preserved in this matter.

There was no evidence presented regarding the number of bags of potting soil and plants taken; there was no evidence that the prices of the items were clearly visible on the items themselves or on their displays; and it is not clear that the prices of potting soil and plants are common knowledge in the way that the Supreme Court considered the value of a bundle of 100 $20 bills to be in *Shedrick*. *Shedrick*, 370 Or at 271. In the circumstances of this case, we cannot be certain that the jury would have concluded beyond a reasonable doubt that defendant was at least criminally negligent as to the fact that the property was worth $100 or more. *State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023). Because the failure to give a jury instruction as to the mental state for the value of the property element may have affected the outcome of the trial, we reverse and remand.

Reversed and remanded.