514 May 8, 2024 No. 304

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MAEVA LOUISE BESSON,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR19686; A177109

Todd L. Van Rysselberghe, Judge.

Submitted April 24, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals a judgment of conviction for theft in the second degree, ORS 164.045. She contends, and the state concedes, that the trial court plainly erred by failing to instruct the jury of the requisite culpable mental state as to the value of the property stolen. We agree with the parties and accept the state's concession that the trial court plainly erred under *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022). We further conclude, however, that the error was harmless and, accordingly, affirm.

The facts are not in dispute. Hayes, a loss prevention supervisor at a Kohls department store in Clackamas, was monitoring the store's security cameras from his office and saw defendant and two men enter the store. The group went to the shoe department, and defendant placed two pairs of shoes—still in their boxes—into a backpack worn by one of the men. She zipped the pack closed, and the three exited the store without paying for the merchandise. The store's alarms activated, and Hayes contacted police before following the group outside. The two men ran and were not apprehended. Hayes followed defendant until law enforcement stopped and arrested her.

Defendant was charged with second-degree theft, which required the state to prove beyond a reasonable doubt that the total value of the property taken was "$100 or more and less than $1,000." ORS 164.045(1)(b). At trial, Hayes testified that the shoes were packaged in boxes and that he could identify the brand and specific shoes that were taken. Each box had a sticker with the price tag, which was "$60 to $70" per pair. Defendant testified that she did place the shoes in the backpack, but she did not know if there were price tags on the boxes.

The trial court instructed the jury that second-degree theft requires the state to prove that defendant took the shoes with the intent to deprive Kohls of the property or to appropriate the shoes for her own benefit, and that a person aids or abets another person in the commission of a crime if the person assists another with the intent to make the commission of the crime easier. The court further

instructed that the jury must find that the property had a value of $100 or more. However, the court did not provide an instruction as to any required culpable mental state regarding the value of the property, and defendant did not object or take an exception to the jury instructions on that point.

On appeal, the parties agree that the state was required to prove a culpable mental state regarding the value of the property, *viz*., that defendant acted intentionally or with a knowing, reckless, or criminally negligent mental state as to the value of the shoes. *See* ORS 161.085(7) - (10) (describing culpable mental states). We agree with the parties' arguments that the Oregon Supreme Court's decision in *Shedrick*, which was decided after the trial in this case, required the state to prove a culpable mental state as to the property-value element of a theft offense. 370 Or at 269 (holding that, for purposes of theft prosecutions, the value of the stolen property is a "material element" under ORS 161.095(2) and requires proof of a culpable mental state); *see also State v. Baker*, 325 Or App 367, 368-69, 528 P3d 812 (2023) (applying the *Shedrick* analysis to second-degree theft). Accordingly, the trial court plainly erred by failing to give the jury an instruction on the culpable mental state of the value of the property.

Even where an error occurred in the trial court, however, we must affirm the judgment below if there is "little likelihood that the particular error affected the verdict."[1] *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (noting the harmless-error standard under Article VII (Amended), section 3, of the Oregon Constitution). To determine whether the error was harmless, we consider the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue. *State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022).

---

[1] In *State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023), which involved a preserved error, we explained that the failure to submit a required element of the offense is harmless under the federal constitutional standard if the state proves beyond a reasonable doubt that the error did not contribute to the verdict. Here, defendant has not claimed a federal constitutional violation, instead arguing only under the state constitutional harmlessness standard. We therefore apply the state standard.

Here, the state contends that the instructional error was harmless because there is little likelihood that the jury would have determined that defendant did not act with, at a minimum, criminal negligence as to the value of the shoes. Proving a criminally negligent mental state requires showing that a defendant "fail[ed] to be aware of a substantial and unjustifiable risk" such that the "failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."[2] ORS 161.085(10). We agree that, in view of the evidence presented in this case, the court's error was harmless.

Evidence in the record included testimony from Hayes that both pairs of shoes that defendant took were packaged in boxes, and that each box displayed a price of $60 to $70 per pair. Even if defendant was, as she testified, unaware that the prices were displayed on the boxes, the jury would have understood that her failure to be aware of the substantial risk that their total value was at least $100 was a gross deviation from the standard of care that a reasonable person under those circumstances would exercise. *Compare Shedrick*, 370 Or at 271 (concluding that the trial court's instructional error was harmless because the jurors, with common knowledge about ATMs, would have understood that the defendant's theft of a "sizeable bundle of cash, specifically 100 bills secured with a bank band" represented a substantial and unjustifiable risk that the cash was worth at least $1,000) *with Baker*, 325 Or App at 370-71 (concluding that the trial court's instructional error was not harmless where the defendant took an unspecified number of bags of potting soil and potted plants and there was no evidence that the price of the stolen items was either on the items or on their displays). Therefore, we conclude that the trial court's error in failing to provide the jury with instructions on the culpable mental state of the value of the property was harmless because it had little likelihood of affecting

---

[2] We recognize the perplexing phrasing of a jury instruction using the criminally negligent mental state for the property-value element of a theft offense; however, that is the consequence of the *Shedrick* decision that requires—at a minimum—criminal negligence. *See id.*, 370 Or at 270. The legislature, of course, can take up the issue to relieve juries from facing such a linguistic challenge or clarify that a different culpable mental state applies to the property-value element.

the verdict. As a result, we cannot reverse the court's plain error in failing to instruct the jury. *See State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023) (concluding that, if a plain error was harmless, "then we have no discretion and must affirm").

Affirmed.