No. 474　　　　　July 3, 2024　　　　　649

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOAN LORRAINE FERGUSON,
aka Joan Ferguson, aka Joan Lorrainne Ferguson,
aka Joan Lorranine Ferguson,
*Defendant-Appellant.*

Jackson County Circuit Court
21CR61241; A179909

Kelly W. Ravassipour, Judge.

Submitted December 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Reversed and remanded.

**MOONEY, J.**

Defendant appeals a judgment of conviction for theft in the first degree, ORS 164.055, assigning error to the trial court's failure to instruct the jury that she must have been "at least criminally negligent" as to the property-value element of that offense. ORS 164.055 provides, as relevant:

"(1)  A person commits the crime of theft in the first degree if, by means other than extortion, the person commits theft as defined in ORS 164.015 and:

"(a)  The total value of the property in a single or aggregate transaction is $1,000 or more[.]"

The state concedes that the trial court plainly erred under *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022), but it argues that we should "nevertheless affirm because there was little likelihood that the error affected the jury's verdict." We accept the state's concession that the trial court plainly erred, but we do not agree that the error was harmless.

"Harmless error" refers to the legal standard required by Article VII (Amended), section 3, of the Oregon Constitution, which provides that a verdict "shall" be affirmed notwithstanding trial error if the judgment appealed was "such as should have been rendered in the case[.]" *State v. Davis*, 336 Or 19, 28, 77 P3d 1111 (2003) (internal quotation marks omitted). "Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?" *Davis*, 336 Or at 32.

The facts are not in dispute. While shopping at a Fred Meyer store, defendant placed over 100 items into her shopping cart. Those items included clothing, cleaning products, dog food, a clothes hamper, shampoo, makeup, a broom, and food. Defendant scanned the food items, paid for them, and then placed them in a bag. She left the store without paying for the nonfood items, which totaled $1,313.48 in value.

This case is like *State v. Baker*, 325 Or App 367, 528 P3d 812 (2023), where the defendant had been convicted of second-degree theft under ORS 164.045 for stealing

several bags of potting soil and plants from a Fred Meyer store. The trial court erred when it did not instruct the jury that it must find a culpable mental state as to the property-value element of that crime, and we reversed the conviction because we concluded that the failure to so instruct the jury may have affected the outcome of the case. *Id.* at 371. In particular, we noted the absence of evidence as to the number of bags and plants stolen, and the absence of evidence "that the price of the items was clearly visible on either the items themselves or on their displays." *Id.* at 370-71. We expressly disagreed "with the proposition that shoppers at department stores can always expect to easily find items' prices" and we noted that "the jury was not presented with any photographs of where the items were displayed in the store." *Id.* at 370. As in *Baker*, there was no evidence presented here of visible prices on the stolen items or their displays, no photographs of the items either in the cart or in the vehicle in which they were placed. We do not consider the approximate pricing of items such as unspecified cleaning products, dog food, a clothes hamper, shampoo, makeup, and a broom to be any more common knowledge than we did the pricing of soil and plants in *Baker*. Given the evidence presented to the jury, we cannot be certain that it would have concluded beyond a reasonable doubt that there was a substantial and unjustifiable risk that the items stolen would be worth more than $1,000 and that defendant's failure to be aware of that risk constituted a gross deviation from the standard of care that a reasonable person would have exercised at the time. We cannot say that there is little likelihood that the trial court's instructional error affected the verdict and, therefore, we reverse and remand for further proceedings.

Reversed and remanded.