No. 452		May 21, 2025		643

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLY LEONARD COBAT,
*Defendant-Appellant.*

Linn County Circuit Court
22CR22361; A181066

Keith B. Stein, Judge.

Argued and submitted October 15, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Remanded for resentencing; otherwise affirmed.

_____

* Lagesen, Chief Judge *vice* Mooney, Senior Judge

**HELLMAN, J.**

Defendant appeals a judgment of conviction for first-degree theft, ORS 164.055. On appeal, he raises two assignments of error. First, he argues that the trial court erred when it denied his motion for judgment of acquittal (MJOA) because the evidence was legally insufficient to establish that the total value of the stolen property—two battery-powered electric scooters—was at least $1,000 and that he was criminally negligent with respect to the scooters' value. Second, defendant argues that the trial court erred when it ordered him to pay per diem fees. We conclude that the trial court did not err when it denied the MJOA because the evidence permitted a reasonable juror to find that the total value of the stolen scooters was at least $1,000 and that defendant acted with criminal negligence with respect to that value. However, we accept the state's concession that the court erred when it required defendant to pay per diem fees and remand for resentencing. We otherwise affirm.

*Theft.* In his first assignment of error, defendant argues that the trial court erred when it denied his MJOA because "the record does not support the value or mental state elements of first-degree theft." A person commits first-degree theft when, among other requirements, "[t]he total value of the property in a single or aggregate transaction is $1,000 or more." ORS 164.055(1).

> "In reviewing a trial court's denial of a motion for judgment of acquittal, the court considers whether any rational trier of fact, accepting reasonable inferences and making reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. In so doing, the court reviews the facts in the light most favorable to the state and draws all reasonable inferences in the state's favor."

*State v. Lupoli*, 348 Or 346, 366, 234 P3d 117 (2010) (citation omitted).

We begin with defendant's argument that the state's evidence was legally insufficient to prove that the stolen battery-powered electric scooters had a total value of $1,000 or more. We disagree with defendant's argument.

We have reviewed the record and conclude that the evidence, when viewed in the light most favorable to the state, permitted a rational juror to find that the two scooters' total value was $1,000 or more. Here, the owner of the scooter rental business testified that each scooter contained GPS technology that connected to a mobile app and that a scooter's wheels would "remain locked" until an individual rented the scooter through the mobile app. Each scooter also had an LCD display, "audio alarms" that are "similar to a car alarm" with flashing lights, and technology that allowed the business owner to activate the alarms remotely. The business owner further testified that the alarms were "very, very loud" and "very, very sensitive," and that "any type of movement where [the scooter is] not rented, not unlocked, will trigger that alarm."

According to the business owner, one of the stolen scooters was used, the other scooter was new, and the new scooter cost $600. Although the business owner did not know the age of the used scooter, he stated that the used scooter "arrive[d] well maintained" and that he "introduced" the scooters in downtown Albany five days before the theft occurred. He also testified and that, even if the used scooter had "some scratches or dings," he kept all scooters "very well maintained." In addition, the trial court admitted into evidence nine pictures of the scooters. Thus, when viewing the foregoing evidence—including the technological and physical features of all scooters and the cost of the new scooter—in the light most favorable to the state, we conclude that it permitted a reasonable juror to find that the total value of the stolen scooters was $1,000 or more.

We now turn to defendant's argument that "even if the evidence permits a finding that the scooters were worth at least $1,000, it does not show that defendant was criminally negligent as to that amount." In denying the MJOA, the trial court reasoned:

> "I don't think that [the state] has to prove that the defendant knew exactly what the value was and had verified it and gone online or went to a metal yard to determine what the scrap value would have been or did research. It's criminal negligence."

The court subsequently ruled:

> "[T]he question for this court is, did [the state] adduce sufficient evidence that a juror with common knowledge about the values of various stolen items could—I mean, would have understood that the circumstances indicated a substantial risk that the value of the two scooters was at least $1,000?
>
> "I find, yes. I found [the state] met that burden. It's a factual question."

> We conclude that the trial court did not err.

> "Criminal negligence *** means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(10). In the context of the crime of theft, we have explained that "criminal negligence does not require defendant to *have known* the value of the items. The key questions under negligence are ones of *risk* and *awareness* of that risk." *State v. Acree*, 338 Or App 98, 102, 565 P3d 60 (2025) (emphases added).

The evidence was legally sufficient to establish that defendant acted with criminal negligence with respect to his awareness that the total value of the two scooters was at least $1,000. *See State v. Boggs*, 324 Or App 1, 6, 524 P3d 567 (2023) (explaining that "the state was required to prove that defendant acted with criminal negligence with respect to her awareness that the value of the stolen property was at least $1,000"). As noted above, the trial court admitted into evidence nine photographs of the stolen electric scooters showing features that indicated their value. In particular, the photographs showed the word "Bird" printed in uppercase letters on the front of the scooters, with a QR code and "Birdapp.com" printed in uppercase letters and attached to the handlebars, showing their ability to connect to the internet. In addition, the business owner testified that if a scooter was moved while it was not being rented, that movement would trigger flashing lights and "really loud" audio

alarms "that'll continue going off as long as [the scooter] continues experiencing that unlicensed movement."

Accepting all reasonable inferences and viewing that evidence in the light most favorable to the state, we conclude that the foregoing evidence was legally sufficient for a reasonable juror to find that defendant failed to be aware of a "substantial and unjustifiable risk" that the two scooters had a total value of $1,000 or more. *See Acree*, 338 Or App at 103 ("It bears emphasizing that the awareness is *not* of the value of the items themselves; it is of the *risk*—the possibility or chance—that the aggregate value of the items exceeded the value limit in the statute." (Emphases in original.)); *see also State v. Hedgpeth*, 365 Or 724, 732, 452 P3d 948 (2019) ("[E]vidence may give rise to multiple reasonable inferences and * * * the choice between those reasonable inferences is a matter for the jury.").

Arguing for a different result, defendant relies on our decision in *State v. Baker*, 325 Or App 367, 528 P3d 812 (2023). Defendant's reliance is misplaced because we decided that case under a different standard of review. *Id.* at 369. In *Baker*, the state conceded that the trial court plainly erred by failing to instruct the jury on the requisite mental state as to the value of the stolen property. *Id.* However, the state urged us not to exercise our discretion to correct the plain error because, in the state's view, the error was harmless. *Id.* Thus, our analysis in *Baker* turned on whether "there was little likelihood that the error affected the verdict" considering "the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *Id.* (internal quotation marks omitted). In contrast, here, defendant challenges the denial of his MJOA, which requires us to "review[] the facts in the light most favorable to the state" and to "consider[] whether any rational trier of fact, accepting reasonable inferences and making reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt." *Lupoli*, 348 Or at 366. The trial court did not er when it denied the MJOA. *See Hedgpeth*, 365 Or at 732 ("[O]ur decisions make clear that the evidence in a case can give rise to more than one reasonable inference, and when it does, the factfinder is allowed to decide the case.").

*Per diem fees.* In his second assignment of error, defendant argues that "the trial court erred when it ordered defendant to pay per diem fees in the judgment, because it did not pronounce those fees at sentencing." The state concedes the error, and we accept that concession.

Although defendant did not preserve his challenge to the per diem fees, he "did not need to because [he] did not have notice or opportunity" to do so before the trial court entered the judgment. *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018). Accordingly, we review for legal error. *Id.*

Here, the trial court did not address per diem fees at defendant's sentencing but entered a judgment of conviction that required defendant to "pay any required per diem fees." Because the court did not announce those fees at sentencing, we conclude that it "erred by including a previously unannounced term in the sentencing judgment." *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024). As a consequence, we remand for resentencing. *Id.* at 245.

Remanded for resentencing; otherwise affirmed.