896 March 18, 2026 No. 221

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ESTEBAN LOMAS,
*Defendant-Appellant.*

Umatilla County Circuit Court
22CR26511; A185091

Jon S. Lieuallen, Judge.

Submitted February 4, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Esteban Lomas filed the supplemental brief *pro se.*

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of felony driving under the influence of intoxicants (DUII). On appeal, in his counseled assignment of error, defendant argues that the trial court erred in imposing a term in the judgment that was not announced at sentencing. The state concedes that error, we agree that the court so erred, and we therefore remand for resentencing. In a supplemental *pro se* assignment of error, defendant challenges the conviction itself, arguing that his testimony was improperly curtailed and that the evidence was legally insufficient to support a conviction. We are unpersuaded by those arguments and therefore affirm the conviction.

*Per diem fees.* Defendant argues that the trial court erred in ordering him to pay "any required per diem fees." That term appeared for the first time in the sentencing judgment. Defendant did not preserve the claim of error, but preservation is excused because defendant did not "have notice or opportunity" to object. *State v. Cobat*, 340 Or App 643, 649, 571 P3d 1136, *rev den*, 374 Or 419 (2025) (excusing preservation in similar circumstances (internal quotation marks omitted)).

"[A] criminal defendant has the right to have their sentence announced in open court." *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (internal quotation marks omitted). It was therefore error to include the per-diem-fees term in the judgment without announcing it at sentencing, as the state correctly concedes. *See, e.g., State v. Hostman*, 343 Or App 506, 513, 579 P3d 253 (2025) (holding that it was error to include previously unannounced per-diem-fees provision in sentencing judgment); *Barr*, 331 Or App at 244 (same). As is usually the case, that means that remand for resentencing is necessary. *See State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (when such an error occurs, "the result is usually a resentencing").

*Pro se assignment of error.* We understand defendant to challenge his DUII conviction on the bases (1) that the trial court improperly curtailed his testimony on direct examination, and (2) that the conviction is not supported by

legally sufficient evidence.[1] We conclude that the court did not err in either respect.

When defendant began his testimony on direct examination, defense counsel indicated that defendant wanted to read a narrative account of the events leading up to his arrest. The state objected to the narrative nature of such testimony. The trial court sustained that objection, stated that it would give defendant some leeway in presenting his testimony, but required defendant's testimony to be given in the usual question-and-answer format and to be confined to relevant evidence. Having reviewed the record, we conclude that the court did not err in so ruling. OEC 611(1) requires a trial court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth, avoid needless consumption of time and protect witnesses from harassment or undue embarrassment." The court's ruling was in accordance with that responsibility. Moreover, neither below nor on appeal has defendant identified what if any evidence he was prevented from offering on direct examination, which is an additional reason that the claim of error cannot prevail.

As for the sufficiency of the evidence to support the conviction, defendant's argument depends on our disregarding testimony by the state's witnesses based on defendant's assertion that it was false or inaccurate. Doing so would be contrary to our standard of review. In evaluating the legal sufficiency of evidence, we are not at liberty to decide the credibility of testimony given at trial, as credibility determinations are the province of the factfinder. The only issue that we may address is whether the evidence was legally sufficient to prove the offense when *viewed in the light most favorable to the state. Cobat*, 340 Or App at 645. Under that standard of review, the evidence was legally sufficient to go to the factfinder and, thus, legally sufficient to support a conviction.

Remanded for resentencing; otherwise affirmed.

---

[1] Defendant's supplemental *pro se* brief contains additional arguments—for example, an argument challenging the fairness of his license revocation—but we understand those additional arguments to flow from the premise of an unsound conviction. Having rejected that premise, we also reject those additional arguments.